UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMIAH CHEFF,

    Plaintiff,

v.

                                        Case No. 11-10049
                                        Hon. Gerald E. Rosen

US BANK NATIONAL ASSOCIATION, *et al.,*

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S
## MOTION FOR TEMPORARY RESTRAINING ORDER

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     January 27, 2010    

PRESENT:  Honorable Gerald E. Rosen
                          Chief Judge, United States District Court

      Plaintiff Jeremiah Cheff commenced this case in this Court on January 5, 2011, filing a *pro se*, 33-page complaint that asserts a laundry list of federal and state-law claims and consists largely of cut-and-paste excerpts from various cases and other sources. Although this complaint is far from a model of clarity, it appears that Plaintiff chiefly means to challenge the Defendant bank's efforts to pursue state court foreclosure and/or eviction proceedings against property in Grand Blanc, Michigan where Plaintiff presently resides.

      Shortly after this suit was filed, Plaintiff filed a motion for a temporary restraining order, requesting that the Court enjoin Defendants from taking any further action to evict

Plaintiff from his Grand Blanc residence, and that the orders issued to date by a state district court be stayed.  This motion provides a bit more background concerning the steps taken by the Defendant bank to foreclose on Plaintiff's property, but it remains unclear precisely what rulings have been issued by the state court to date, what matters remain pending before that court, and the dates when further state court proceedings or rulings are scheduled or anticipated.  In addition, the record does not indicate that any Defendant has yet been served with the complaint, and Plaintiff's motion evidently has been "served" upon the Defendant bank only by facsimile sent to the law firm that presumably is representing the bank in the state court proceedings.[1]

      Under these circumstances, the Court readily concludes, for a variety of reasons, that Plaintiff's motion must be denied.  First, to the extent that Plaintiff requests that a temporary restraining order be issued without notice to the Defendant bank, such a course of action is permitted only if Plaintiff provides "specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1)(A).  Plaintiff's motion is unaccompanied by any such affidavit (or any evidence whatsoever), and, as explained above, his complaint is utterly lacking in "specific facts" indicating that he faces immediate and irreparable harm.  Even assuming that Plaintiff faces imminent eviction from his home, there is no reason to believe that the Defendant

---

[1] This law firm and three of its attorneys have been named as co-defendants in Plaintiff's complaint.

2

bank could not be given prompt notice and an opportunity to be heard before the Court takes action on Plaintiff's motion, or that such notice would worsen Plaintiff's predicament in any way.

Yet, even if Defendants were given the notice that Rule 65 ordinarily requires absent compelling circumstances, the Court could not award the preliminary injunctive relief sought by Plaintiff. First, one of the factors to be considered in determining whether to award preliminary injunctive relief is "whether the moving party has a strong likelihood of success on the merits." *Jones v. City of Monroe,* 341 F.3d 474, 476 (6th Cir. 2003). Plaintiff does not even address this factor in his motion, but instead focuses exclusively on his claim that he will suffer irreparable injury if a preliminary injunction is not issued. For this reason alone, his motion must be denied.

Moreover, there is considerable reason to suspect, at least under the present record, that Plaintiff does ***not*** have a strong likelihood of success on the merits of his claims. Among the injunctive relief sought in his motion, Plaintiff asks the Court to impose a stay of all orders issued by the state district court to date. Under the federal Anti-Injunction Act, however, this Court ordinarily "may not grant an injunction to stay proceedings in a State court," 28 U.S.C. § 2283, except in limited circumstances that do not appear to exist here. *See Cragin v. Comerica Mortgage Co.,* No. 94-2246, 1995 WL 626292, at *1 (6th Cir. Oct. 24, 1995) (holding that the Anti-Injunction Act "generally precludes federal injunctions that would stay pending foreclosure proceedings in the state courts"). In addition, the Court generally would elect to abstain while the state court proceedings

remain ongoing, because the state court evidently is addressing some of the very same issues that Plaintiff seeks to raise before this Court, thus making it likely that the state court's rulings would affect the outcome of at least some of the claims asserted by Plaintiff in this case. *See Kawecki v. County of Macomb,* 367 F. Supp.2d 1137, 1147-48 (E.D. Mich. 2005). Finally, once the state court proceedings have concluded, the *Rooker-Feldman* doctrine would preclude this Court from addressing any attacks Plaintiff might wish to pursue against the state court's rulings, *see Tropf v. Fidelity National Title Insurance Co.,* 289 F.3d 929, 936-38 (6th Cir. 2002), and the doctrines of issue and claim preclusion would prevent Plaintiff from relitigating any issues or claims that were decided against him in the state court proceedings, *see Burks v. Washington Mutual Bank, F.A.,* No. 07-13693, 2008 WL 4966656, at *4-*5 (E.D. Mich. Nov. 17, 2008). For all of these reasons, then, even if Plaintiff had endeavored to show a likelihood of success on the merits of one or more of his claims, the Court would have been unlikely to conclude that preliminary injunctive relief was warranted.

Accordingly,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's January 11, 2011 motion for a temporary restraining order (docket #2) is DENIED.

                                  s/Gerald E. Rosen
                                  Chief Judge, United States District Court

Dated: January 27, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 27, 2011, by electronic mail and upon Jeremiah Cheff, 7250 Baldwin Road, Grand Blanc, MI 48439 by ordinary mail.

                                  s/Ruth A. Gunther
                                  Case Manager