UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMIAH CHEFF,

                  Plaintiff,

      v.

US BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR STRUCTURED
ASSET SECURITIES CORPORATION,
RICHARD K. DAVIS, DIANE
THORMODSGAD, ORLANS
ASSOCIATES, P.C., DANIELLE
JACKSON, CARIE SEIB, and JUSTIN
CARTER,

                  Defendants.

_____/

CIVIL ACTION NO. 11-10049

DISTRICT JUDGE GERALD E. ROSEN

MAGISTRATE JUDGE MARK A. RANDON

**REPORT AND RECOMMENDATION GRANTING
DEFENDANTS' MOTION TO DISMISS (DKT. NOS. 5, 10)**

**1. INTRODUCTION**

      This is a consumer lending action.  Plaintiff, Jeremiah Cheff, has filed suit against US

Bank National Association ("US Bank"), its legal counsel, Orlans Associates, P.C. ("Orlans"),

and three individuals (collectively "Defendants") alleging that they conspired to fraudulently

secure, sell and foreclose upon his mortgage.  The matter is before the court on two separately

filed motions (Dkt. Nos. 5, 10), through which Defendants have moved to dismiss Plaintiff's

claims.  The motions were referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) for a

report and recommendation.

To date, plaintiff has not responded to either motion, despite being ordered to do so by the Court.  (Dkt. No. 11)  Notwithstanding this lack of opposition, for the reasons indicated below, IT IS RECOMMENDED that both motions be GRANTED and Plaintiff's lawsuit DISMISSED.

## 2.  FACTUAL BACKGROUND

On June 26, 2006, Plaintiff Jeremiah Cheff and his wife, Nicolette Cheff, executed a mortgage with Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for People's Choice Home Loan, Inc. to obtain a loan in the amount of $779,000.  The Cheffs used the loan proceeds to purchase a home located at 7250 East Baldwin Road, Grand Blanc, Michigan (the "Property"), which secured the mortgage.  The mortgage was subsequently assigned to US Bank, as Trustee for Secured Asset Securities Corporation.  In 2008, the Cheffs defaulted on the mortgage and US Bank retained Orlans to foreclose on the Property.

On October 31, 2008, a Sheriff's Sale occurred, during which US Bank purchased the property.  Plaintiff did not satisfy the debt during the statutory redemption period that expired on October 31, 2009. After the title vested in US Bank, Orlans obtained a judgment for possession of the property on behalf of US Bank in state court.  Plaintiff filed several appeals and petitions in state court, all of which were denied or dismissed, precipitating the instant action.

On January 5, 2011, Plaintiff filed this federal action.  Six days later, he filed an emergency motion for temporary restraining order (Dkt. No. 2), which was denied by the Court (Dkt. No. 4).

Plaintiff's Complaint is an undisciplined patchwork of conclusory statements, and legal rhetoric interspersed with purported claims of: (1) "Violation of the Patriot Act," (2) "Fraud," (3)

"Conspiracy," (4) "Racketeering," (5) "Bank and Mortgage Fraud," and (6) various constitutional violations.  (Dkt. No. 1)  In terms of relief, Plaintiff seeks Twenty Million Dollars and injunctive relief.

## III. ANALYSIS

### A. Standard of Review

Prior to granting a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief."  *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001).  The Supreme Court has recently stated that "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) quoting *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1974 (2007).  A complaint must be dismissed pursuant to a Rule 12(b)(6) motion if a complaint does not plead enough facts to create a plausible claim.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney.  *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).  However, courts may not rewrite a complaint to include claims that were never presented. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999).

**B.  The Defendants' Motions are Unopposed**

United States District Court for the Eastern District of Michigan Local Rule 7.1(b) states that "[a] respondent opposing a motion must file a response, including a brief and supporting documents then available." A party's failure to respond allows the court to rule on the motion anytime after the time to respond had expired. In fact, a party's failure to respond may be deemed a confession to the motion's merits. *See Schwartz v. City of Conneaut, Ohio,* 1991 WL 4730594 (6th Cir. Dec. 8, 2009). "While pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is not cause for extending the margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1970).

Orlans and the individual defendants filed a motion to dismiss on January 31, 2011. Plaintiff was subsequently ordered to respond on to the motion on or before March 4, 2011 (Dkt. No. 9).  Defendant US Bank filed its motion to dismiss on February 28, 2011 (Dkt. No. 10). Plaintiff was again ordered to respond on or after March 28, 2011 (Dkt. No. 11).  To date, Plaintiff has failed to respond to either motion.  Plaintiff was served with a notice of hearing to be held April 26, 2011.  Plaintiff did not appear for the scheduled hearing.  Because of Plaintiff's failure to respond, Defendants' motions may be deemed unopposed.  *See Humphrey v. U.S. Attorney General's Office,* 279 Fed.Appx. 328, 2008 WL 2080512 (6th Cir. May 15, 2008). In any event, Defendants' motions also should be granted on the merits.

### C.  Standing to Sue

At the outset, it should be noted that Plaintiff's claims fail because – once the redemption period following foreclosure of a property has expired – the former owner's rights in and title to the property are extinguished.  At that point, the former owner loses standing to assert claims with respect to the property.  Indeed, in *Piotrowski v. State Land Office Board*, 302 Mich. 179 (1942), the  Michigan Supreme Court held that the mortgagors:  (1) had "lost all their right, title, and interest in and to the property at the expiration of their right of redemption;" and (2) could not assert the right of parties "having an interest in the land" to meet the highest bid at the scavenger sale.  *Id*. at 185.   The standard under *Piotrowski* has been applied by Michigan courts – and by federal courts applying Michigan law – to bar former owners from making any claims with respect to foreclosed property after the end of the redemption period.  *See Stein v. U.S. Bancorp*, 2011 WL 740537 (E.D. Mich. Feb. 24, 2011); *Overton v. Mortg. Elec. Registration Sys.*, 2009 WL 1507342 (Mich. App. May 28, 2009) (dismissing former owner's claim of fraud where redemption period expired one month after litigation was initiated); *see also, e.g., Moriarty v. BNC Mortg., Inc*., 2010 WL 5173830 (E.D. Mich. Dec.15, 2010) (dismissing action for declaratory judgment voiding foreclosure proceedings).  Thus, Plaintiff does not have standing to bring the claims asserted in this suit.  Furthermore, Plaintiff's claims fail for additional reasons.

### (1)  Violation of the Patriot Act

Plaintiff contends that Defendants violated the Patriot Act. Plaintiff's claim consists of nothing more than a conclusory statement to that effect: "defendants have acted dishonorably and in bad faith violating the patriot act" [*sic*].  This unsupported assertion fails to comply with the

particularity requirements of Rule 8(a) of the Federal Rules of Civil Procedure. It should also be noted that this section of Plaintiff's complaint is virtually identical to that filed in *Stewart v. HSBC Bank,* Case No. 3:10CV586, 210 WL 3522087 (E.D. Va. Sept. 3, 2010), *aff'd*, 407 Fed.Appx. 698, 2011 WL 143586 (4th Cir. Jan. 18, 2011). The court in *Stewart* rejected this claim under Rule 8 and Plaintiff's allegation herein should meet a similar fate.

Not only does Plaintiff fail to state the elements of his claim for violation of the Patriot Act, he also fails to assert any factual allegations that identify which Defendant violated the Act or how the Act was violated. Accordingly, Plaintiff's claim for violation of the Patriot Act should be dismissed.

### (2) Fraud

In order to plead fraud a plaintiff must state the circumstances with particularity. At a minimum, a plaintiff must allege the "time, place and content of the alleged misrepresentation on which [they] relied; the fraudulent scheme, the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foamex L.P.,* 2.F.3d 157, 161-62 (6th Cir. 1993).

Under Michigan law, to sustain an action for common law fraud Plaintiff must plead and prove that: (1) there was a false and material representation by the defendants; (2) the defendants knew that it was false when the representation was made or that the representation was made recklessly without any knowledge of its truth and as a positive assertion; (3) the defendants made it with the intention that Plaintiff would rely on it; (4) Plaintiff acted upon it; and (5) Plaintiff thereby suffered injury for which he is suing. *See Bergen v. Baker*, 264 Mich. App. 376 (2004).

Here, Plaintiff's claim falls well below the standard set forth in *Coffey*. Plaintiff alleges that he never had an attorney present, the creator of credit was not disclosed, and that it was not

his signature on the contract because the contract is invalid.  There are no factual allegations, however, that any representation made by Defendants was knowingly false.  Plaintiff references the Hobbs Act and the National Banking Act, but he makes no allegation of how Defendants actually violated these Acts.  As such, Plaintiff's "Fraud" claim also fails to state a claim against Defendants.

### (3)  Conspiracy

Under Michigan law, in order to sustain a civil allegation of conspiracy, Plaintiff must persuade the court that two or more persons have acted in some concerted action to accomplish a criminal or unlawful purpose by criminal or unlawful means. An underlying actionable tort must be established in order to in have an adequately based conspiracy claim.  *See Campbell v. BNSF Ry. Co. Detroit*, 600 F.3d 667 (6th Cir. 2010).

Since Plaintiff has failed to sufficiently plead an underlying actionable tort or set forth any factual allegations of conspiracy, this claim must also fail.

### (4)  RICO

Plaintiff must plead the following elements, in order to state a claim based on violation of the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. § 1961 ("RICO"): (1) conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity. *See Sedima, S.P.R.L. v. Imrex Co., Inc.* 473 U.S. 479 (1985). Additionally a plaintiff must set forth allegations that the defendants engaged in a pattern of racketeering activity, which consisted of two or more predicate acts occurring within a 10-year period.  *Moon v. Harriosn Piping Supply*, 465 F.3d 719 (6th Cir. 2006).

Plaintiff alleges the Defendants committed racketeering in state and federal court proceedings. Plaintiff concludes that a nexus exists between Defendants. This is just one of the many unsupported conclusory declarations upon which Plaintiff bases his RICO claim upon. Again Plaintiff's complaint lacks factual foundation to support this claim and it must therefore fail.

### (5) Bank and Mortgage Fraud

Plaintiff's Complaint states, "the defendants have committed bank and mortgage fraud in state court proceedings." This is the extent of Plaintiff's claim for bank and mortgage fraud. Bank fraud and mortgage fraud are federal criminal statutes and courts have consistently ruled that unless specifically provided for, federal criminal statutes rarely give rise to private rights of action. *See Milgrom v. Burstein,* 374 F.Supp.2d 523 (6th Cir. 2005). The Court will look to legislative intent in its determination of whether a private right of action exists. Specifically, the Court must evaluate the following questions in its analysis: "(1) is the plaintiff a part of the class for which the statute was enacted? (2) is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? (3) is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for plaintiff? and (4) is the cause of action one traditionally relegated to state law so that it would be inappropriate to infer a cause of action based solely on federal law?" *Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 2088 (1975). The court in *Milgrom* found that the plaintiff, alleging bank fraud against his wife, had "no cognizable civil action flowing from the bank fraud statute, U.S.C. § 1344." *Milgrom, supra.*

Plaintiff in the present case does not specify the bank and mortgage fraud statutes upon which he relies. Moreover, he fails to state which Defendant violated the statutes or which

-8-

sections were violated.  Consistent with the remainder of the Plaintiff's Complaint, he fails to make any factual allegations against Defendants. Thus, these claims also fail.

### (6) Constitutional Violations Pursuant to 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corrs. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional rights allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989)).  A plaintiff must also demonstrate the personal involvement of each defendant in the activity that forms the basis of the complaint.  *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1948 (2009).

Plaintiff claims Defendants violated the Fifth and Fourteenth Amendments as well as the First, Fourth, Sixth, and Eighth Amendments.  As a result of these violations, Plaintiff claims he "suffered cruel physical and emotional terror and duress without justification or support in law." However Plaintiff fails to point to specific conduct on the part of Defendants that violates his constitutional rights.

Plaintiff's entire complaint, including his § 1983 claims are also in direct violation of the standards set forth in Rules 8 and 9(b) of the Federal Rules of Civil Procedure.  The Complaint is an amalgamation of articles and cases that were not originally prepared by Plaintiff.  Instead Plaintiff changed minor details of the gathered materials in an effort to cobble together a

complaint. Plaintiff's efforts have been unsuccessful. As such, Plaintiff has failed to state a claim against Defendants for any of his constitutional claims under § 1983.

## IV. CONCLUSION

For the reasons stated above, it is recommended that Defendants' motion to dismiss be GRANTED and Plaintiff's lawsuit be DISMISSED with prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon_____
MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE

Dated:  July 6, 2011

-10-

<u>Certificate of Service</u>

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, July 6, 2011, electronically and by first class mail.*

<u>s/Melody R. Miles</u>
*Case Manager to Magistrate Judge Mark A. Randon*
*(313) 234-5542*